# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ARTURO J. CHAVEZ, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:07-CV-216 TS |
| SUPERINTENDENT WESTVILLE CORRECTIONAL FACILITY, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Arturo J. Chavez, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his criminal conviction on November 15, 1998, in the Tippecanoe Superior Court which imposed a 48 year sentence in cause number 70D01-9709-CF-092. Mr. Chavez raises two grounds: (1) excessive sentencing beyond the statute and guidelines, and (2) improperly given consecutive sentences. Habeas Corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Section 2244(d)(1) provides four possible dates from which the 1-year period of limitation can run. Mr. Chavez has not identified any factual or legal basis on which it could be inferred that the state prevented him from filing a timely application for a writ of habeas corpus pursuant to subparagraph B. Nor has he asserted a newly recognized constitutional right pursuant to subparagraph C. Neither has he presented claims based on newly discovered evidence pursuant to subparagraph D. Therefore, the 1-year period of limitation ran from the date on which the judgment became final at the expiration of the time for seeking direct review pursuant to subparagraph A.

Mr. Chavez states in his petition that his conviction was affirmed by the Court of Appeals of Indiana on January 28, 2000, in cause number 79A02-9812-CR-986. Petition at ¶ 9(b) and (d). The public docket sheet of the Indiana Clerk of Courts confirms that date and cause number. Mr. Chavez states that he sought and was denied transfer to the Indiana Supreme Court, but that he does not know the date that transfer was denied. Petition at ¶ 9(g). The public docket sheet of the Indiana Clerk of Courts does not indicate that a petition for transfer was either sought or denied by the Indiana Supreme Court in his case. Indeed, the public docket of the Indiana Clerk of Courts indicates that in none of his three cases before the Indiana appellate courts has he ever sought transfer to the Indiana Supreme Court. Therefore the one year clock began running when his time for filing a petition for transfer expired 30 days after the Court of Appeals of Indiana affirmed his conviction and sentence. *See* Ind. R. App. P. 57(C)(2). Thus the one year limitation period began February 28, 2000, and it expired on February 28, 2001.

Section 2244(d)(2) provides that the 1-year period of limitation is tolled during the time that any properly filed application for State post-conviction or other collateral review is pending.

Mr. Chavez states that he filed his first collateral attack on December 11, 2001. Petition at ¶ 11(a)(3). But by then, the 1-year period of limitation had already been expired for more than nine months. Furthermore, Mr. Chavez indicates that he did not have any State collateral attack pending between December 10, 2002, and September 26, 2003. Petition at 11(b)(8) and (c)(3). Nor did he between October 20, 2003 and April 19, 2004. These dates accumulate more than fifteen additional months of untolled time. Thus, even if he had filed a petition for transfer which was denied just before he filed his first collateral attack, this habeas corpus petition would still be months late.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the habeas corpus petition is **DENIED** as untimely.

SO ORDERED on May 30, 2007.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION